## MASON MORSE *vs.* CAROLINE C. TOPPAN.

A judgment recovered against a married woman alone, though founded on a contract
made by her in carrying on business on her own account, and while living separate from
her husband, was void, before *St.* 1855, *c.* 304, § 7.

ACTION OF CONTRACT on a judgment recovered against a mar-
ried woman, living separate from her husband, and carrying on
business on her own account, and in her own name, as keeper
of a boarding-house. The judgment was recovered by default, in
an action brought against her alone, on a note given by her for
articles necessary to carry on said business, and indorsed to the
plaintiff, without notice of her being a married woman. Said
action was not founded on any contract made, or wrong done,
by her, in respect to any property secured to her separate use,
by virtue of any statutes of this commonwealth, or otherwise,
other than what she might acquire by her said occupation. Her
husband has always resided in this state, but was not served
with process, either in this action, or in that in which the judg-
ment was recovered. No decree of divorce of said husband and
wife has ever been passed. The case was submitted to the
decision of the court upon these facts.

No counsel appeared for the plaintiff.

*I. Ames,* for the defendant.

SHAW, C. J. The facts being agreed, they are to be taken as of
the same legal effect, as if pleaded. The fact that the defendant
was a married woman, when the judgment was rendered
against her, would alone be a good bar to this action. It would

be the same as if she had entered into an obligation by bond at the same time; to which she might have pleaded *non est factum.* A judgment is in the nature of a contract; it is a specialty, and creates a debt; and to have that effect, it must be taken against one capable of contracting a debt. *Faithorne* v. *B'aquire,* 6 M. & S. 73. *Judgment for the defendant.* [*]

---

[*] By *St.* 1855, c. 304, § 7, " any married woman may carry on any trade or business, and perform any labor or services, on her own sole and separate account; and the earnings of any married woman, from her trade, business, labor or services, shall be her sole and separate property, and may be used and invested by her in her own name; and she may sue and be sued, as if sole, in regard to her trade, business, labor, services and earnings; and her property acquired by her trade, business and service, and the proceeds, may be taken on any execution against her."